IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>EDDISON ORRIN PIAPOT,<br><br>                Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:19CR75DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Eddison Orrin Piapot's Emergency Motion for Furlough to Attend Mother's Funeral.  Defendant seeks a five-day furlough to make arrangements for and attend his mother's funeral.

      On February 18, 2020, Defendant pleaded guilty to one count of violating 18 U.S.C. § 922(g)(1), Felon in Possession of a Firearm, and is awaiting sentencing.  Because Defendant has pleaded guilty, 18 U.S.C. § 3143 governs his detention.  Section 3143 states that "the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained" unless the court finds by a clear and convincing standard that there is no risk of fight or danger to the community.

      In Defendant's prior request for a furlough, the court recognized that Defendant has a significant criminal history, Category V.  This criminal history includes a history of alcohol and substance abuse combined with assault and domestic violence convictions.  And Defendant's felon in possession charges stem from altercations in others' homes.  This type of criminal history

suggests to the court that Defendant poses a danger to the community. The death of his mother is undoubtedly a difficult and stressful time for Defendant. The court is concerned as to how Defendant would respond in such a situation. As stated in the court's prior order, the court is sympathetic to Defendant and knows that it is hard to be away from family at this time, but the court must also ensure the safety of the community. Defendant asserts that an ankle monitor would be sufficient to manage his risks to the community. But, while that may keep track of his location, Defendant has prior domestic violence charges that an ankle monitor would not combat. The court does not think his risk of danger to the community is manageable. In addition, Defendant has a history of not complying with conditions or release. Therefore, the court cannot find by clear and convincing evidence that Defendant poses no danger to the community even for a limited furlough. Accordingly, the court denies Defendant's request for a furlough.

DATED this 1st day of October, 2020.

BY THE COURT

DALE A. KIMBALL
United States District Judge